**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIEBAO GUO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-2760

Agency No.
A216-204-025

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2026**
San Francisco, California

Before: MURGUIA, Chief Judge, and KOH and H.A. THOMAS, Circuit Judges.

Petitioner Tiebao Guo, a native and citizen of the People's Republic of

China, petitions for review of an order of the Board of Immigration Appeals

("BIA") dismissing Petitioner's appeal of an Immigration Judge's ("IJ") order

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying Petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition in part, deny the petition in part, and remand to the BIA for further proceedings.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994),] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). When reviewing the agency's persecution determination, we "review the entirety of the agency's conclusions—both the underlying factual findings and the application of the INA to those findings—for substantial evidence." *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026). Under the substantial evidence standard, "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 850 (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)).

1.     The BIA erred in concluding that Petitioner's past harm did not rise to the level of persecution for purposes of his asylum and withholding of removal claims. Specifically, the BIA failed to consider our precedent in *Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018), a case involving facts very similar to the ones presented here. In *Guo*, the petitioner was arrested by the Chinese police for attending a Christian home church, slapped in the face and struck with a baton, and

detained for a period of two days. *Id.* at 1211. The petitioner was released after his father paid a 3,000 RMB bond and the petitioner signed a "'letter of guarantee,' which informed him that he was not allowed to attend home church, that he was required to report to the police station once a week, and that he would be arrested for violating these release conditions." *Id.* We held that this evidence compelled the conclusion that the petitioner suffered past religious persecution because the "police forbade [the petitioner] from attending his home church and from thus *practicing* his religion." *Id.* at 1215.

Here, like in *Guo*, Petitioner was arrested by the Chinese police while attending a house church meeting. The police took Petitioner to the police station, where they kicked him in the leg and hit him in the face with a fist, resulting in a swollen leg, ripped skin on Petitioner's calf, and a wound on the left corner of his mouth. Petitioner was detained for three nights and released after his family paid a bond of 3,500 RMB. The police forced Petitioner to sign a "guarantee letter" stating that he would no longer practice Christianity or contact other church members. The police also ordered Petitioner to report to the police station once per week, which Petitioner did ten times before leaving China. As in *Guo*, this evidence compels a finding of past persecution.

The BIA erroneously concluded that Petitioner experienced only "a single and isolated incident" of harm. In *Guo*, we rejected a similar contention and held

that, "because [the petitioner] was forbidden from attending church and required to report to the police weekly, his persecution was ongoing." *Id.* at 1216. The BIA also erroneously relied on the fact that Petitioner did not require medical treatment for his injuries. As *Guo* recognized, "a beating 'may constitute persecution, even when there are no long-term effects and the [petitioner] does not seek medical attention.'" *Id.* at 1215 (alteration in original) (quoting *Quan v. Gonzales*, 428 F.3d 883, 888 (9th Cir. 2005)). Moreover, even though Petitioner did not seek medical treatment, he took medicine for his injuries and rested at home while his injuries healed, which took approximately 10 to 20 days. *Cf. id.* at 1211, 1215 (noting that the petitioner was given medication for his bruises and advised to rest for three days but suffered no permanent injuries).

Because Petitioner has shown that he suffered past persecution, he is entitled to "a rebuttable presumption of a well-founded fear of future persecution." *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1073 (9th Cir. 2004). We therefore remand to the BIA to "determine in the first instance whether the government can rebut that presumption for [Petitioner's] asylum and withholding claims." *Guo*, 897 F.3d at 1217.

2. We deny the petition with respect to Petitioner's CAT claim. The BIA determined that Petitioner waived this claim by failing to raise it before the BIA, and Petitioner does not challenge that determination in his briefing before this

court. Accordingly, Petitioner has failed to exhaust his CAT claim. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

**PETITION GRANTED in part, DENIED in part, and REMANDED for further proceedings. The parties shall bear their own costs.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.